# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JOHN C. CLIFTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV407-167 |
| ) | |
| GAINEY TRANSPORTATION ) | |
| SERVICES, INC. and STATE ) | |
| NATIONAL INSURANCE CO., INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| LANE-LEE TRUCKING CO., LLC ) | |
| and AMERICAN INTERSTATE ) | |
| INSURANCE CO. OF GEORGIA, ) | |
| ) | |
| Applicants for Intervention. ) | |

## ORDER

On February 11, 2008, Lane-Lee Trucking Co., LLC ("Lane-Lee") and American Interstate Insurance Co. of Georgia ("American Interstate") filed a motion to intervene as plaintiffs in this case. (Doc. 13.) For the following reasons, their motion is **GRANTED**.

## I. BACKGROUND

This diversity tort action arises from a December 6, 2006 automobile accident that occurred when the vehicle plaintiff was operating collided with a tractor-trailer truck owned by defendants. (Doc. 1, Ex. A.) At the time of the accident, Lane-Lee employed plaintiff, and American Interstate insured Lane-Lee. (Doc. 13 at 2.)

Movants allege that pursuant to Georgia's workers' compensation laws, they have paid $71,762.63 in benefits to or on behalf of plaintiff as compensation for his lost earnings and medical care. (Id.) They seek to intervene in this action in order to preserve their statutory subrogation lien under O.C.G.A. § 34-9-11.1. (Id.) The lien would potentially allow movants to recover the workers' compensation benefits paid to plaintiff from defendants once plaintiff is fully and completely compensated. (Id., Ex. A.)

## II. ANALYSIS

Federal Rule of Civil Procedure Rule 24(a) allows, upon a timely motion, any movant to intervene who claims an interest relating to the property or transaction which is the subject of the

action where the applicant is so situated that disposing of the action may as a practical matter impair or impede his ability to protect his interest, unless the existing parties adequately represent that interest. Fed. R. Civ. P. 26(a)(2).

In order to intervene in pending litigation as a matter of right, movant must demonstrate that "a statute of the United States confers an unconditional right to intervene" or that (1) the movant has an interest in the pending litigation, (2) disposition of the action could "impair or impede" movant's ability to protect that interest, (3) movant's interest is not adequately protected by the existing parties to the lawsuit, and (4) movant's motion to intervene is timely. Fed. R. Civ. P. 24(a); Lee v. Genie Indus., Inc., 2007 WL 3284873, *1 (M.D. Ga. 2007).

In this case, no party contends that a statute of the United States gives movant the right to intervene. Rather, movants claim intervention as a matter of right is necessary in order to protect their interests in the pending litigation. (Doc. 13 at 2-3.)

### A. Movants' Interests

Movants paid workers' compensation benefits to plaintiff. (Id. at 2.) O.C.G.A. § 34-9-11.1(b) provides movants with the right to assert a subrogation lien for workers' compensation benefits paid to or on behalf of plaintiff. That section goes on to state that "[t]he employer or insurer may intervene in any action to protect and enforce such lien." O.C.G.A. § 34-9-11.1(b). The creation of this subrogation lien is a sufficient interest to satisfy the first requirement of Rule 24(a). Lee, 2007 WL 3284873 at *1.

### B. Movant's Ability to Protect its Interest

O.C.G.A. § 34-9-11.1(c) provides that if an injured employee fails to file suit within one year after the date of the injury, the employer or the employer's insurer may assert the employee's cause of action, either in its own name or in the name of the injured employee. The Georgia courts have clarified that when the injured employee initiates a suit prior to the expiration of the one-year period, the insurer or employer does not have this option. Canal Ins. Co. v. Liberty Mut. Ins. Co., 570 S.E. 2d 60, 63 (Ga. App.

2002). Instead, the employer or insurer *must* intervene in the action brought by the employee in order to preserve their subrogation rights under O.C.G.A. § 34-9-11.1. See id. (noting that an insurer lacks standing to challenge the dismissal of the action where insurer fails to protect its subrogation lien by acting under O.C.G.A. § 34-9-11.1); see also Anthem Cas. Ins. Co. v. Murray, 542 S.E. 2d 171 (Ga. App. 2000) (holding that insurer could no longer file an independent action against the third party for subrogation because they failed to intervene under O.C.G.A. § 34-9-11.1). Therefore, when the injured party files a suit within a year of sustaining injuries, the trial court's failure to allow an insurer to intervene constitutes an abuse of discretion under Georgia Law. Canal Ins. Co., 570 S.E. 2d at 63. In this case, since plaintiff has filed a personal injury lawsuit, "[i]t is the responsibility of the workers' compensation provider to protect its interest by intervention . . . ." N. Bros. Co. v. Thomas, 513 S.E. 2d 251, 253 (Ga. App. 1999); Lee, 2007 WL 3284873 at *2. Since movants would forfeit their statutory subrogation lien by failing to intervene in this case, movant meets the second requirement of Rule 24(a).

## C. Adequate Representation by Existing Parties

The third element of Rule 24(a) requires movants to demonstrate that their position cannot adequately be represented by the existing parties to the lawsuit. Fed. R. Civ. P. 24(a). Since the subrogation lien belongs to movants who must take action to protect their interests, and because Georgia law has granted movants the right to assert and enforce the statutory subrogation lien, movants' interests cannot be sufficiently represented by the existing parties to this suit. Lee, 2007 WL 3284873 at *2. Therefore, movants have met the third requirement of Rule 24(a).

## D. Timeliness of Motion

Finally, Rule 24(a) requires movants' motion to be "timely." Fed. R. Civ. P. 24(a). Georgia courts have interpreted O.C.G.A. § 34-9-11.1 to provide two distinct rights to parties wishing to assert a subrogation lien: the right to intervene and the right to enforce the lien. Georgia Elec. Membership Corp. v. Hi-Ranger, Inc., 563 S.E. 2nd 841, 842-843 (Ga. 2002) (noting that although an employer may intervene in the employee's suit, O.C.G.A. § 34-9-

6

11.1(b) provides that they may recover only after the employee has been "fully and completely compensated").

Movants' right to enforce their subrogation lien is not yet ripe since plaintiff has not yet been fully compensated. (See Doc. 13 at 2) (noting that applicants are continuing to pay benefits pursuant to the Georgia Workers' Compensation Act). However, because movants' right to intervene is separate from and a condition precedent to its right to enforce the lien, movants' motion is timely. Lee, 2007 WL 3284873 at *3. Therefore, movants meet the fourth requirement of Rule 24(a).

Because movants have satisfied each requirement of Rule 24(a), the Court finds that they may intervene in this case as a matter of right.[1]

## III. CONCLUSION

For the foregoing reasons, the Court grants movants' motion to intervene as a parties plaintiff. The intervening complaint for

---

[1] Since movants meet the requirements for intervention as of right under Rule 24(a)(2), the Court need not consider their alternative motion for permissive intervention under Rule 24(b).

7

subrogation attached to the motion to intervene shall be deemed filed as of the date of this Order. Movants shall serve their complaint upon the other parties as required by law.

**SO ORDERED** this 19th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA